## W. I. HAWKINS V. THE STATE.

No. 16494.   Delivered March 7, 1934.
Rehearing Denied April 11, 1934.

The opinion states the case.

*G. B. Fenley,* of Uvalde, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

H. B. Smith went in a car with Sheriff Clayton to a point near appellant's house. It was night time and dark. Smith then went to the house. A man came to the door. Smith told him he wanted liquor. The man said all right,—he had a pint in his pocket, and handed it to Smith, who paid him a dollar for it. Smith turned the whisky over to the sheriff. On the witness stand Smith said he could not identify appellant as the man who sold him the whisky; it was dark. Sheriff Clayton testified that he went with Smith to where appellant lived. He said appellant lived there at that time, and no other man lived there but appellant; also he let Smith out of his car on said occasion about a block from appellant's house; that Smith went to appellant's house, came back with a pint of whisky, and told witness he got it from appellant. Smith was recalled for the defense and said that when he got back with the whisky he told Sheriff Clayton he got it at appellant's, not from him, but he made this rather significant statement in his testimony "I went down there after a pint of liquor. * * * I had been to that place one time before." After being recalled by the defense, Smith said he knew there was some one living on the little garden farm there, another man; he had seen him working in the field a time or two,— "Suppose he lived in the house with appellant." The jury had before them no foundation for crediting such a supposition.

Appellant did not take the stand, nor introduce his wife, if he had one, or any member of his household,—but introduced only one witness, a man who said he heard Smith say on one occasion that he did not buy any liquor from Hawkins, Hawkins being appellant. Cross-examined, witness said he did not know what occasion or transaction was under discussion between Smith and the party he was talking to, at the time he heard this conversation.

By one bill of exception appellant complains of the refusal of a peremptory instruction to acquit, and by another, of the fact that the court charged on circumstantial evidence. We think the case one of circumstantial evidence, and that the court did not err in refusing to instruct an acquittal. We note that a charge requested by the defense was given telling the jury that before they could convict there must have been produced in their

minds by the testimony a reasonable and moral certainty that this appellant and not another person committed the offense charged, and that if they had a reasonable doubt on this point they should acquit.

Appellant's brief presents four propositions, all substantially based on the theory of the insufficience of the testimony, and the argument in the brief is a summary and discussion of the testimony. In all cases before this court it is our duty to decide, as far as the facts are concerned,—not what we might have done had we been on the jury in a particular instance,—but is there any testimony in the case at bar upon which a fair and dispassionate mind might find support for a verdict of guilty.

That whisky was sold by a man at the home of this appellant on the occasion in question, to another man who had been to said home on only one former visit, is beyond dispute. That said second man knew what he was going for, is clear. That the man who came to the door upon some sort of summons or notice appeared to have been ready and willing to serve customers, and to sell whisky without cavil or query, is also made plain by Smith's testimony to the fact that when he told the man who came to the door that he wanted liquor, said man at once said all right, he had a pint in his pocket, which he produced and gave to Smith in exchange for one dollar. Smith refused to say that the seller was or was not Hawkins. We regard the testimony of the sheriff as weighty wherein he said "No other man lived there," and also "He (Smith) went down to buy whisky; he came back with a pint of whisky; he told me he bought it off of Hawkins." We are unable to bring ourselves to the conclusion that the jury was without testimony to support their finding.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant again urges that the evidence is not sufficient to support the verdict. If there is evidence upon which the jury could predicate the verdict this court is without authority to disturb it, although a different verdict might not have been the subject of just criticism. There is no evidence of probative force pointing to any other person than appellant as the seller of the liquor. After again carefully reviewing the statement of facts we remain of the opinion that it cannot be said there is an absence of evidence to support the verdict, and to disturb it under those circumstances would be sub-

stituting our judgment for the jury's, which we are unauthorized to do.

The motion for rehearing is overruled.

*Overruled.*