JOHN EARL HUSKEY V. STATE.

No. 26,116. December 17, 1952.
Rehearing Denied February 18, 1953.

*Croslin & Pharr*, by *E. G. Pharr*, Lubbock, for appellant.

*James Pearson*, County Attorney, Sweetwater, and *George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the sale of whiskey in a dry area, with prior convictions alleged to enhance the punishment; the punishment, a fine of $4,000.00.

The sole question presented is the sufficiency of the evidence to support the conviction.

Agent Giles of the Texas Liquor Control Board testified that he went to the Highway 80 Club, entered the same through the rear door, and was greeted by an unidentified man in a loud colored short sleeved sport shirt, who inquired what he wanted. Giles testified that the stranger, upon being told the brand of whiskey desired, turned toward a door and said, "Earl, get a pint of Pepper"; that there was a slot in the door to his right at waist height; that through this slot the arm of a man wearing a white shirt handed out a pint of James E. Pepper whiskey; and that he paid through the slot the purchase price. Giles further testified that after completing the purchase he made his identity known to the man in the short sleeved sport shirt; that a woman standing nearby hollered, "Liquor Board"; that the man in the sport shirt pressed a buzzer on the wall; and he heard a crash in a room to his right. Giles further stated that he went to the door, called to his fellow officers, and returned to the scene of the purchase. The witness stated that he entered a large room through the door, at which the woman had been standing, and as he did so he observed appellant walking toward a table and noted that he was wearing a white shirt. It seems

to be conceded that immediately behind appellant at the moment he was discovered by this witness were two doors, one leading into the garage and the other leading into the room from which the whiskey had been sold. The witness testified that he did not know through which door the appellant had come, but noticed that the door leading into the room from which the whiskey had come was partially ajar. The witness Giles testified that only three people "were there," the appellant, the woman, and the man in the sport shirt.

The witness Mauldin testified that following the raid they carried appellant to the police station and that "Mrs. Huskey" followed in her car.

The evidence is silent as to appellant's connection with Highway 80 Club.

The prior convictions were proven.

The jury were charged on the law of circumstantial evidence.

In Hawkins v. State, 126 Tex. Cr. R. 111, 69 S. W. 1113, we said:

"In all cases before this court it is our duty to decide as far as the facts are concerned, not what we might have done had we been on the jury in a particular instance, but is there any testimony in the case at bar upon which a fair and dispassionate mind might find support for a verdict of guilty."

On rehearing, we observed:

"There is no evidence of probative force pointing to any other person than appellant as the seller of the liquor."

Finding the evidence sufficient, the judgment of the trial court is affirmed.

#### ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

Appellant again complains relative to the sufficiency of the circumstances proven herein to have excluded every other reasonable hypothesis than that of his guilt.

It is probably necessary to set forth some of the proof. It

is shown that an inspector for the Texas Liquor Control Board drove out to a place called the "Highway 80 Club" in Nolan County. He got out of a taxicab and went into such club. He rang the door buzzer and a short man opened the door, told him to come in and asked him what he wanted. The agent went into the back door thereof, into a little hall and through another door into a small room that had a studio couch, divan and chair therein. The man who invited the agent in was dressed in a loud sport shirt. He was an elderly man and weighed about 185 or 190 pounds. He had on a loud-colored sport shirt with short sleeves. This man asked the agent what type of whisky he wanted. The agent asked him what he had, and the man with the loud shirt gave him the names of several brands. The agent said he wanted a bottle of James E. Pepper. The man with the sport shirt on then turned and looked towards the door and said, "Earl, get a pint of Pepper" for which he requested $5.00 in payment. The agent was standing in front of the door, and in a matter of seconds a man handed him out a pint of James E. Pepper Whisky through a little slot or hole, and the agent could see that the man had on a white shirt. The agent handed him a $10.00 bill, and the man with the white shirt on handed him a $5.00 bill in change and also handed him the whisky, at which time the agent pulled out his badge and identified himself to this man standing in the door with the loud shirt on. There was a woman standing in the door, and she hollered "Liquor Board" at the time the agent pulled out his badge. The man with the sport shirt on turned to the wall and pushed a small button about six or seven feet up on the wall. It buzzed and the agent heard a crash which sounded as though it was in the adjoining room. The agent then walked to the door and called another agent who was outside waiting for him. He turned around and saw appellant walk from this adjoining room. He walked to a table and sat down. There were three people present beside the agent, namely, the lady who hollered, "Liquor Board," the man with a loud sport shirt on, and the appellant. Two other officers came in immediately thereafter. There was evidence that the woman present was the appellant's wife. After the appellant was taken to jail the two officers stayed out there. The witness testified that there was only one man there besides the man with the loud sport shirt on and that was the man who had on a white shirt with long sleeves. The appellant was the only one out there with the long-sleeved white shirt on.

We think the testimony is sufficient to show that the man

who handed the whisky to the Texas Liquor Control Board Agent through a slot in the door had on a white shirt with long sleeves; that there was no one else in the building except the lady, the man with the loud sport shirt on, and the man who was called Earl by his co-actor in this matter, who produced the liquor that was sold upon the request therefor. We also think that the testimony herein, although circumtsantial, would establish the fact that the appellant was the man whose arm came out of the slot and who handed the whisky to the agent. We think that such testimony as a whole excluded any other reasonable hypothesis than that of the appellant's guilt.

Under the testimony presented to us, we think the motion for rehearing should be overruled, and it is so ordered.